# Cole *v.* The State.

*Indictment for Trespass on Crop by Stock.*

1. *Permitting stock to trespass on lands inclosed by common fence; character of fence.*—Under the statute which makes it a misdemeanor for any person occupying or cultivating lands under a common fence with others, to "turn stock of any kind into such inclosure, or knowingly suffer such stock to go at large therein, without a sufficient guard to prevent injury to crops" (Code, § 4414), though the inclosing fence should be substantial, it is not necessary that it should be a statutory fence (*Ib.* § 1586).

2. *Same ; constituents of offense.*—A conviction can not be had under this statute, on proof that the defendant, acting in good faith, suffered his hogs to range at large in an extensive woodland, adjoining the inclosed lands, whence they made their way into the inclosed lands through defects in the common fence.

[Cole v. The State.]

3. *Same; damages and fine.*—The damages inflicted by the stock, which the statute declares "shall be held a part of the penalty imposed by the court, and shall go to the party injured," are not a part of the fine, but are given in addition to the fine.

FROM the County Court of Wilcox.
Tried before the Hon. JOHN PURIFOY.

JOHN Y. KILPATRICK, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted in the court below of the offense of *knowingly suffering his stock to go at large* in an inclosure, occupied or cultivated by himself and several others under a common fence, without a sufficient guard to prevent injury to the crops.—Code 1876, § 4414.

The evidence shows that the defendant suffered his hogs to range in an adjoining woodland, consisting of about two thousand acres, which was outside of the common fence. This fence was a very inferior one, in no sense lawful within the statutory definition, being in some places not over a foot high. The stock do not seem to have been kept on the common premises, though they had trespassed thereon previously, and of this fact the defendant had been advised. There is no evidence tending to show that he turned them into the inclosure, but only that he suffered them to range in the wood-land, whence they found their way within the land inclosed by the common fence, by reason of the defects in it.

It is insisted that the common fence here described must be a lawful fence. The statute does not say so, and we can not, therefore, so construe the words. Any substantial fence, lawful or not lawful, in our opinion, comes within the meaning of the statute, if it is used in common by several parties, who together cultivate or occupy a tract or parcel of land, inclosed by such fence.. The manifest effect, if not one of the chief purposes of the act of March 8, 1876 (Acts of 1875–76, p. 288), now embraced within the provisions of section 4414 of the Code, was to take cases coming within its influence out of the operation of the previously existing statute, which relieved the owners of stock from liability for trespasses by such stock where they trespassed on lands not inclosed by a lawful fence. Code, § 1587.

But we are also of opinion, that the defendant would not be guilty of knowingly suffering his stock to go at large within the common incosure, if he in good faith only suffered them to range in the woodland adjacent thereto. Penal statutes must be strictly construed; and such a construction of this act

would preclude the supposition, that the General Assembly contemplated that its scope should be so sweeping, and its operation so severe, as that here contended for in behalf of the State. It was the joint duty of the defendant and the other co-occupants of the land trespassed on to repair the common fence, and its dilapidated condition was as much the fault of the one as of the others.   The primary object of the statute seems to have reference to protection against trespasses from within, rather than from without, although it clearly includes in words any case where one of the joint occupants turns stock of any kind into the inclosure, wherever they may be kept in custody. The stock may, furthermore, have been permitted to run in the woodland, without finding their way into the cultivated land. The fact that defendant suffered them to run at large without the common fence, is not the same as suffering them to go at large within the common fence.   The court, in our opinion, erred in refusing to give the charges requested by appellant touching this phase of the statute.

The act under consideration (Code, § 4414) provides, that the party convicted shall be fined "not less than ten, nor more than fifty dollars; and *also* the amount of the damages inflicted by the stock, which damages shall be held as a part of the penalty imposed by the court, and shall go to the party injured." It is insisted that the damages going to the owner must be embraced in, and are intended to constitute a part of the fine. We are clear in the opposite view.   The words of the statute plainly mean otherwise.   If any doubt remain, it would be solved by the words of the original act, which assessed the fine "*in addition to* the estimated amount of the damages inflicted by said stock."—Acts 1875–6, p. 288.

The judgment is reversed, and the cause remanded.